This matter is before the court as an appeal from the Maumee Municipal Court. It comes before the court on counsel's motion to withdraw as appellant's attorney and the Anders Brief in support thereof.
On December 2, 1997, appellant Robert J. Calkins, Jr. played in a soccer game at the Soccer Center in Maumee, Ohio. Toward the end of the first half, one player, Mike McComish, was put in the penalty box for kicking the ball into the ceiling. Appellant and another player, Thomas Higgins, were both chasing a ball. They collided, and both fell to the ground.
According to one defense witness, Higgins would not let appellant up. Higgins acknowledged they rolled on top of each other. The two exchanged words.
Mike McComish testified that appellant's brother spit at him, so he decided to leave the game. Several witnesses testified that Higgins yelled at appellant and the opposing team. The referee warned Higgins. When Higgins continued to yell, allegedly complaining the referee had not penalized appellant's brother for the spitting incident, the referee ejected Higgins. Because of the situation, the referee stopped the half two minutes early.
Higgins gathered up some clothes from the bench and headed toward the exit. According to Higgins, appellant's brother knocked some things out of his hand. Higgins acknowledged he pushed another player, Jeremiah, who tried to break up that encounter. Then, according to Higgins, he saw appellant coming toward him. Higgins testified that appellant threw at least one, if not two, punches at him. Higgins stated that he had to receive nine stitches for a forehead wound. Higgins also had two black eyes and a small break in his nose.
Of three prosecution witnesses and four defense witnesses, only Higggins and the referee were able to confirm that they saw appellant hit Higgins. The referee of the game testified on appellant's behalf. According to him, Higgins pushed appellant's brother, Joel, who then kicked Higgins in the ankles from behind. When the referee and Jeremiah tried to break up the incident, the referee "heard" or "felt" Higgins either punch or "headbutt" Joel, but did not see it directly.
Another defense witness confirmed that he saw Higgins "headbutt" Joel. That witness also saw a knot on Joel's head and blood on his shirt. The witness thought the blood was from Higgins because Joel was not bleeding.
According to the referee, appellant and some other players came over to the fight. Jeremiah confirmed that Higgins pushed him when he tried to break up the encounter between Higgins and Joel. Then he observed appellant and Higgins wrestling. But Jeremiah did not see Joel kick Higgins or Higgins push or "headbutt" anyone. Another defense witness testified that he did not see Joel kick Higgins or his clothing, and he did not see appellant hit Higgins. The witness noted that when he saw appellant and Higgins rolling on the floor wrestling, Higgins was the aggressor. The referee testified that he saw appellant punch Higgins once while the two were wrestling on the floor.
Appellant was charged with assault, a first degree misdemeanor under Codified Ordinances of the City of Maumee 537.03. The complaint, filed January 16, 1999, stated that appellant struck Higgins in the face with a closed fist and caused serious injury to Higgins' face, nose, and eye. Appellant's brother, Joel, was charged with aggravated menacing.
On August 12 and 14, 1998, both appellant's and his brother's cases were tried to the bench with an acting municipal judge. The court dismissed the charges against appellant's brother Joel at the close of the prosecution's case. The court found appellant guilty of assault. On September 11, 1998, the court sentenced appellant to serve one hundred eighty days in jail, but suspended ninety days and ordered appellant to be placed on electronic home monitoring for ninety days.
Appellant's appellate attorney, who did not represent him in the trial, has submitted a motion to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738. In support of his request, and pursuant to the guidelines set forth inAnders, appellant's counsel asserts that after an extensive review of the record, he was unable to find any valid, arguable issues for appeal. In that event, counsel must submit a brief setting forth anything in the record which might arguably support an appeal and furnish a copy of the brief and motion to appellant.Anders, 386 U.S. at 744. Appellant has not submitted a brief of his own.
Counsel for appellant has raised the following potential assignment of error:
 "IS APPELLANT'S CONVICTION SUPPORTED BY SUFFICIENT EVIDENCE?"
"`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997),78 Ohio St.3d 380, 386, quoting Black's Law Dictionary (6 Ed. 1990) 1433. "The relevant inquiry for the appellate court' is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The evidence was controverted concerning who was truly the aggressor in this incident. Higgins and his teammate testified that appellant punched Higgins. None of appellant's witnesses saw the entire exchange between appellant and Higgins from the collision at the end of the first half of the soccer game until the two were wrestling on the floor off the court. Thus, the trier of fact had to weigh the evidence and determine which testimony was more credible.
That in itself suggests there was sufficient evidence to require a trier of fact to decide whether appellant had assaulted Higgins. Assault requires proof that appellant knowingly caused or attempted to cause physical harm to another. Maumee Ord. 537.07(a). The testimony of Higgins and his teammate, when viewed in a light most favorable to the prosecution, allows a rational fact finder to determine that appellant knowingly caused or attempted to cause physical harm to Higgins.
Pursuant to Anders, supra, this court reviewed the record independently to determine that (1) appellate counsel has made a diligent, thorough, and sound effort, and (2) the proceedings below were free from prejudicial error and conducted without infringing appellant's constitutional rights. Our thorough and independent review of the record in this case fails to demonstrate any arguable issues for appellate review.
Therefore, this court finds the sole proposed assignment of error raised in the Anders brief is without merit and wholly frivolous. The motion to withdraw filed by appellant's court-appointed counsel is found well-taken and is granted.
The judgment of the Maumee Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ James R. Sherck, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.